PER CURIAM.
In a divorce action completed prior to the effective date of the no fault divorce law (Ch. 71-241) the plaintiff wife was granted a divorce, $15,000 lump sum alimony, $50 per week support for a child of the parties aged sixteen years, and alimony of $25 per week for a limited period, to terminate when the minor should become “emancipated,” or sooner if the wife remarried. The marital residence, valued at $55,000 was owned by the husband. A claim by the wife of an equity therein was rejected by the trial court. There were two children of the marriage, one of whom had attained majority. The wife was granted custody of the minor child, above referred to, and was granted the right to continue to reside with the child in the marital residence during the minority of said child, with the husband required to pay mortgage payments, taxes, insurance and major maintenance expenses thereon. An allowance of $2,500 attorney fee was made for the services of the wife’s attorney.
On appeal therefrom by the wife it was argued the trial court erred in denying her claim of an interest or equity in the residence premises and that the awards of alimony and attorney’s fee were inadequate and represented an abuse of discretion.
We affirm the judgment except for the award of periodic alimony, as to which we agree with the contention of the appellant that said award was inadequate in the circumstances. The marriage had existed for 23 years. There was evidence that the wife had the capacity to earn money, but her earnings in recent years, as shown in the evidence, had not exceeded $300, and in one year $400. The husband was shown to have assets, including a going business, amounting to approximately $200,000.
Accordingly, the judgment is modified and amended to provide, as to the periodic alimony, that the defendant husband shall pay to the plaintiff wife alimony in the amount of $50 per week until her remarriage or death, and that such increase in the periodic alimony shall be retroactive to the date of the divorce judgment; provided, however, that either party may apply to the trial court for further modification of the judgment as to the amount of periodic alimony, based on future changes in the circumstances of the parties if such shall occur, as provided for in § 61.14 Fla. Stat., F.S.A.
The judgment appealed from is affirmed in part, reversed in part and modified and amended, as hereinabove set forth.